# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

C.L.B.,
FREDDIE TURNER,
LORETHA TURNER,

              **Plaintiffs,**

**-vs-**                                     **Case No.  6:06-cv-251-Orl-28JGG**

LESLIE FRYE,
TONY MANZOLILLO,
HOLLY BERNARD,
MELINDA KING,
LISBETH BOCHETTE,

              **Defendants.**

---

# ORDER[1]

Plaintiffs have filed a Motion to Remand (Doc. 13)[2] arguing that the removal of this case from state court was untimely under the requirements of 28 U.S.C. § 1446(b). Plaintiffs urge me to apply the "first-served rule" and remand to state court because one of the Defendants, Tony Manzolillo, failed to join in the removal within thirty days from the date the first Defendant was served. Defendants contend, however, that the case was properly removed under the "last-served rule"[3] because Defendant Manzolillo joined in the removal

---

[1] This Order is the rationale for, and is a supplement to, the Order entered at docket number 46 denying Plaintiff's Motion to Remand.

[2] Defendants have filed a Response in Opposition (Doc. 23) and Plaintiffs have filed a Reply (Doc. 26).

[3] The "last-served rule" has also been called the "later-served rule".

within thirty days of the date on which he was served.   Having considered the parties'

arguments on this point, the Motion to Remand must be denied.

*Facts and Procedural Background*

Plaintiffs originally filed suit in circuit court in Volusia County on November 15, 2005,

asserting claims under 42 U.S.C. § 1983 and Florida common law.   On February 1, 2006,

Lisbeth Bochette became the first of the five Defendants served;[4] within the following two

weeks Defendants Melinda King and Holly Bernard were also served.   On March 1, 2006

– twenty-eight days after Defendant Bochette was served – Defendants Bochette, King, and

Bernard filed a Joint  Notice of Removal (Doc. 1) asserting that the other two Defendants

(Manzolillo and Frye) would join in the removal once they were served.[5]  At the time the Joint

---

[4]Defendant Bochette argues that she was not properly served on February 1, 2006, and that thus the time to file a notice of removal did not begin to run until at least thirty days after defendant King was served.  The Court finds Defendant Bochette waived this argument when she failed to raise improper service of process in the motion to dismiss she filed on February 17, 2006 in Volusia County prior to the Notice of Removal. Once a defendant makes a general appearance without raising such a jurisdictional defense, she has waived her right to assert the defense.  Fla. R. Civ. P. 1.140(b)(2), (4) and (5); Fla. R. Civ. P. 1.140(h)(1); Lennar Homes, Inc., v. Gabb Constr. Servs., Inc., 654 So. 2d 649, 651 (Fla. 3d DCA 1995); Miller v. Marriner, 403 So. 2d 472, 475 (Fla. 5th DCA 1981).

[5]The fact that Defendants Bochette, King, and Bernard indicated in their Notice that Defendants Manzolillo and Frye would join in the removal, does not change the analysis. Prior to service, a defendant has no obligation to respond to a complaint or make a decision regarding removal.  Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 515 n.3 (M.D. Pa. 2003) (citing Cartwright v. Thomas Jefferson Univ. Hosp., 99 F. Supp. 2d 550, 552 n.6 (E.D. Pa. 2000)); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999) ("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.")

Notice of Removal was filed, the removing Defendants did not know that Defendant Manzolillo had been served just hours earlier.[6]  Instead of immediately filing the return of service on Defendant Manzolillo in this court, Plaintiffs waited more than thirty days from the date the first Defendant had been served to file the return in state court.

On March 13, 2006, thirteen days after Defendant Manzolillo was served, Defendants Manzolillo and Frye filed their Joinder in Notice of Removal (Doc. 8) consenting to and joining in the removal noticed by the other Defendants.[7]  Thus, Manzolillo's consent was filed after the thirty-day period following service on Defendant Bochette, but well before the expiration of the thirty-day period from the time he himself was served.

*Analysis*

Plaintiffs argue that 28 U.S.C. § 1446(b) requires that the notice of removal "be filed within thirty days of the date that the first defendant who can remove is served" and that "all then served defendants join in or consent to the removal within that thirty day period." (Doc. 13 ¶¶ 4, 5.)  The statute does not contain such a requirement, and, in fact, does not directly address cases involving multiple defendants at all.  Instead, the relevant portion of the statute provides:

---

[6]Defendant Manzolillo was served on February 28, 2006.  Defendant Leslie Frye was the last Defendant served; she was served on March 7, 2006, more than thirty days after the first Defendant (Bochette) was served.

[7] Plaintiffs do not dispute that Defendant Frye's removal consent was proper because she was served after the initial thirty-day period.

> *The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service* or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added).

The statute clearly explains that a single defendant must seek removal within thirty days of service, but it provides no guidance as to when the time for removal begins to run for subsequently served defendants. When multiple defendants must join in petitions for removal is a question that Congress has left to the courts. The courts, however, have resolved the problem of multiple defendants in an inconsistent fashion – with some adopting the "first-served rule" and others following the "last-served rule." When applied, these rules produce very different results.

The genesis of the "first-served rule" was <u>Getty Oil Corp. v. Insurance Co. of North America</u>, 841 F.2d 1254 (5th Cir. 1988). In <u>Getty</u>, the Fifth Circuit reasoned that the thirty-day removal period begins to run when the first defendant is served, even though the statute itself is silent regarding multiple defendants. <u>Getty</u> concluded:

> In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served . . . . It follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served.

-4-

Id. at 1262-63 (internal citations omitted).  As a general premise, under the "first-served rule,"

defendants who are properly served within thirty days of the first defendant's service must

join in the removal petition.  The "failure to do so renders the petition defective."  Id. at 1262.

Under the facts of Getty, however, the application of the first-served rule did not produce an

inequitable result.[8]  Nonetheless, recognizing the potential for harsh results, other decisions

provide that exceptional circumstances may sometimes require  relief from strict application

of the rule in order to achieve equitable results. See Milstead Supply Co. v. Cas. Ins. Co.,

797 F. Supp. 569, 573 (W.D. Tex. 1992) (holding that "joinder in or consent to the removal

petition must be accomplished by only those defendants: (1) who have been served; and (2)

whom the removing defendant[s] actually knew or should have known had been served");

Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. 1986) (recognizing that "exceptional

circumstances" might permit removal when a later-joined defendant petitions for removal

more than thirty days after the first-served defendant is served).

    Other circuits have rejected the "first-served rule."  Marano Enters. of Kan. v. Z-Teca

Rests., L.P., 254 F.3d 753, 755-57 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging,

Inc., 184 F.3d 527, 532-33 (6th Cir. 1999); McKinney v. Bd. of Trs. of Mayland Cmty. Coll.,

955 F.2d 924, 926-28 (4th Cir. 1992).  In McKinney, the Fourth Circuit adopted the "last-

---

[8]In Getty, the second-served defendant knew that the other defendant had already
been served and that it had filed a petition for removal.  Also, the second-served defendant
was served nine days prior to expiration of the thirty-day removal period.

served rule," holding that under 28 U.S.C. § 1446(b), each individual defendant has "thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." 955 F.2d at 928. The McKinney court observed that the purpose of the removal process is to protect defendants, and this purpose "could be rather easily overcome by tactical maneuvering by plaintiffs," who could wait until the thirty-day period had almost run before serving other defendants. Id. "This cannot be what Congress had in mind. Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." Id. (internal citation and quotation omitted). The Eleventh Circuit, addressing a different removal-related issue, has endorsed this reasoning, Legg v. Wyeth, 428 F.3d 1317, 1325 (11th Cir. 2005), and observed an admonishment from the United Stated Supreme Court that "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court." Id. (citing Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 186 (1907)).

The Sixth and Eighth Circuits have gone even further in protecting the rights of defendants. They have interpreted § 1446(b) as allowing each defendant thirty days from service to file a notice of removal, regardless of whether other defendants have so filed. Marano, 254 F.3d 753 (holding "that the later-served defendants . . . had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-

defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service"); Brierly, 184 F.3d 527 (holding same).

The Eleventh Circuit has yet to weigh in on the first-served-last-served debate, Kimbrough v. City of Cocoa, No. 6:05-cv-4710, 2005 WL 1126651, at *4 (M.D. Fla. May 5, 2005); Adams v. Charter Commc'ns VII, LLC, 356 F. Supp. 2d 1268, 1272 (M.D. Ala. 2005), and the district courts within this circuit have followed both approaches. See Kimbrough, 2005 WL 1126651, at *4  ("last-served rule"); Smith v. Health Ctr. of Lake City, Inc., 252 F. Supp. 2d 1336, 1345-46 (M.D. Fla. 2003) ("first-served" rule); Collings v. E-Z Serve Convenience Stores, Inc., 936 F. Supp. 892, 895 (N.D. Fla. 1996) ("last-served" rule); Faulk v. Superior Indus. Int'l, Inc., 851 F. Supp. 457, 459 (M.D. Fla. 1994) ("first-served" rule); Noble v. Bradford Marine, Inc., 789 F. Supp. 395, 397 (S.D. Fla. 1992) ("first-served" rule). In the absence of controlling authority, I have considered both rules.  Although the "first-served rule" has merit to the extent that it provides predictability and quicker determination as to whether a case will be litigated in state or federal court, the "last-served rule" is more consistent with the plain reading of § 1446(b) and is more likely to produce equitable results.

As already noted, § 1446 (b) is written in terms of a single defendant and makes no mention as to how time for removal should be calculated in cases with multiple defendants. The statute simply provides "notice of removal in a civil action or proceeding shall be filed within thirty days after the receipt by *the defendant* . . . ." 28 U.S.C. § 1446(b) (emphasis added).  The most reasonable construction of this provision is that each defendant – not just

the first-served – has thirty days in which to seek removal. If Congress had intended that the thirty-day removal period for all defendants to commence with service upon the first defendant, it could have made that intent clear. <u>Kimbrough</u>, 2005 WL 1126651, at *5. The courts that hold a later-served defendant is barred from removal if thirty days have passed since the first defendant was served can only reach that conclusion by reading the words "first served" into the statute. <u>Accord</u> <u>Collings</u>, 936 F. Supp. at 894; <u>Brierly</u>, 184 F.3d at 533. Those courts take unjustified liberty with the plain meaning of the text.

Policy considerations also weigh in favor of adopting the "last-served rule." Congress enacted the statutory scheme of removal to protect defendants and to achieve fairness in determining the forum in which a case will be litigated. <u>McKinney</u>, 955 F.2d at 927-28. Fixing a deadline for all defendants based on the time the first defendant is served invites mischief from a plaintiff inclined to wait until the end of the removal period to serve other defendants. It is unlikely that Congress intended that the balances it built into the removal process would be used by plaintiffs to play games of "gotcha" – allowing plaintiffs to manipulate the process in their favor.

Even when plaintiffs are well-intentioned and do not manipulate the timing of service to frustrate removal, the "first-served rule" is still problematic. Defendants may still be served late into the first-served defendant's thirty-day removal period and those later-served defendants may be rushed in their decision to seek removal. Forcing defendants to make that important decision without time for careful consideration is inconsistent with 28 U.S.C.

-8-

§ 1446(a), which now provides that petitions for removal are subject to Rule 11.[9]  This is "further reason to allow all defendants a full thirty days to investigate the appropriateness of removal.  Otherwise, later served defendants will either have to forego removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions." McKinney, 955 F.2d at 928.

*Conclusion*

For the foregoing reasons, I find that the "last-served rule" announced in McKinney applies in this case.   All defendants in this case have joined in the removal: Defendants Bochette, King and Bernard via their March 1, 2006 Notice of Removal and Defendants Manzolillo and Frye by their Joinder in Notice of Removal filed on March 13, 2006.  Both the Notice and Joinder were filed by each Defendant within thirty days of each being served.  Thus, the removal under the later-served rule is proper and remand must be **DENIED**.

**DONE and ORDERED** in Chambers, Orlando, Florida this *30* day of November, 2006.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

_____

[9] Fed. R. Civ. P. 11.